IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MICHAEL R. MOSIER, | : |
| Plaintiff, | : |
| v. | : NO. 5:20-cv-00308-TES-MSH |
| PAMALA MALCOLM, *et al.*, | : |
| Defendants. | : |

# ORDER

Pending before the Court is Plaintiff's motion to amend his complaint (ECF No. 153).[1]  For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

# BACKGROUND

The present action is brought under 42 U.S.C. § 1983 and arises from Plaintiff's treatment at the Riverbend Correctional Facility ("RCF") in Milledgeville, Georgia, beginning on February 22, 2018.  Compl. 6, ECF No. 1.  Plaintiff alleges that on that date, Defendants Malcom, Zegeye, and Bailey—who were nurses at RCF—observed Plaintiff exhibit significant stroke symptoms but failed to provide Plaintiff with emergency treatment for more than six hours.  He alleges that after he returned to RCF following treatment for his stroke, Defendant Dr. Rayapati refused—because of cost concerns—to

---

[1] The motion is docketed as an amended complaint.  However, as stated in Plaintiff's cover letter, the filing is actually intended as a motion to amend.  Pl.'s Mot. to Amend Attach. 1, at 1, ECF No. 153-1.

provide Plaintiff with a high protein/high calorie diet as prescribed by his treating physician at August University Hospital. RCF is a private prison run by Global Economic Opportunities Group, Inc. ("GEO Group"). Plaintiff alleges that GEO's policies and customs to not train or supervise its employees caused its employees to violate his constitutional rights.

The Court received Plaintiff's original complaint on January 30, 2020 (ECF No. 1). The complaint named numerous defendants and raised several claims, including deliberate indifference to serious medical needs, violation of Plaintiff's equal protection rights, interference with grievance procedures, and retaliatory transfer in violation of the First Amendment right to free speech. Following preliminary review, however, only Plaintiff's deliberate indifference to a serious medical need claims against Malcolm, Zegeye, Bailey, Rayapati, and GEO were allowed to proceed for further factual development. Order 16, May 26, 2021, ECF No. 37. All other claims and defendants were dismissed. *Id.* at 16-17. The Court received Plaintiff's motion to amend on July 11, 2022 (ECF No. 153).

## DISCUSSION

### I.   Motion to Amend Standard

As Plaintiff's motion was not filed within twenty-one days after service of the complaint or answer, he must obtain the Defendants' written consent or the Court's leave to amend. Fed. R. Civ. P. 15(a)(2). Defendants have not consented, so the Court must determine whether to grant leave. A court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court, however, may deny leave

2

to amend "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"An amendment is futile . . . 'when the complaint as amended is subject to dismissal because it fails to state a claim for relief.'" *Smith v. Fye*, No. 5:17-cv-406-TES-MSH, 2018 WL 6046453, at * 6 (M.D. Ga. Nov. 19, 2018) (quoting *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017)). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The decision to grant or deny leave to amend is within the sole discretion of the district court. *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001) (per curiam).

3

## II.     Plaintiff's Motion to Amend

Plaintiff's original complaint was sixty-five pages, and his proposed amended complaint is forty-six pages. While shorter, Plaintiff's amended complaint largely repeats his original complaint, including references to dismissed claims and defendants. Moreover, Plaintiff has not attached a brief highlighting the additional factual allegations contained in the amended complaint or explaining why previously-dismissed claims should now be allowed to proceed. Instead, the Court is left to compare the original and proposed amended complaints and attempt to discern what Plaintiff's motion seeks to accomplish. The one exception is that Plaintiff specifies he only seeks to add one defendant, Dr. David Moore, who was originally dismissed from this action. Pl.'s Mot. to Amend 5-6, ECF No. 153; Order 17, May 26, 2021. Therefore, the Court will not address whether the various other individuals referenced in the proposed amended complaint—but not identified as defendants—should be added as parties. The Court will only address the proposed addition of Dr. Moore. The Court will also briefly address the addition of previously-dismissed claims against the current Defendants since Plaintiff does not specify whether he seeks to reassert them.

### A.     Dr. Moore

In his original complaint, Plaintiff sought to include Dr. Moore in his deliberate indifference to a serious medical need claim related to his stroke. Compl. 14. In the initial screening order, the undersigned did not interpret the complaint as alleging personal participation by Dr. Moore in treating Plaintiff's stroke symptoms. Order & R. 9, Feb. 16,

4

2021, ECF No. 15. Therefore, Plaintiff's complaint was interpreted as alleging supervisory liability only, and the Court recommended dismissal because Plaintiff alleged insufficient facts to establish liability on that basis. *Id.* at 10-11. In his objections to the recommendation, however, Plaintiff asserted Dr. Moore did personally participate in the constitutional violation. Pl.'s Objs. 9, ECF No. 31. Specifically, Plaintiff contended Dr. Moore's personal participation could be inferred from Malcolm's statement that she was going to call the on-call physician following Plaintiff's EKG, arguing "if Malcolm did in fact contact Defendant Moore, he was thereafter involved in the alleged constitutional violations." *Id.* The district judge overruled the objection but stated Plaintiff could amend his complaint in the future if he could allege facts less speculative. Order 16, May 26, 2021.

In his proposed amended complaint, Plaintiff expands on his allegations of personal involvement by alleging that Malcolm and Zegeye contacted Dr. Moore regarding Plaintiff's condition at 8:00 p.m. and that in response, Dr. Moore ordered that "if [the inmate] shows weak strength on left extremity" to send him to the emergency room. Pl.'s Mot. to Amend 15-16. Plaintiff alleges that by "relinquishing his responsibility in determining whether and when Plaintiff should be evacuated" to the emergency room, Dr. Moore "denied Plaintiff prompt emergency medical treatment." *Id.* at 16. Plaintiff contends Dr. Moore acted with deliberate indifference by relying on the "unqualified information" the nurses provided "rather than returning to the facility to conduct a personal evaluation." *Id.* at 15-16.

Plaintiff's motion to amend to add Dr. Moore as a defendant is denied as futile because it fails to state a claim. In order to state a claim for deliberate indifference to a serious medical need, a prisoner must allege facts to show that he had a medical need that was objectively serious and that the defendant was deliberately indifferent to that need. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). "To establish . . . deliberate indifference to the serious medical need, the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

Deliberate indifference is not established solely by a doctor's failure to personally examine an inmate prior to prescribing treatment. *See Adams v. Poag*, 61 F.3d 1537, 1547 (11th Cir. 1995) (noting that prescribing "medication over the telephone without personally examining the inmate did not constitute deliberate indifference") (citing *Howell v. Evans*, 922 F.2d 712, 721 (11th Cir. 1991)). Nor does a doctor act with deliberate indifference by relying on reports of other medical professionals. *See Ford v. Anderson Cnty.*, No. 6:19-cv-384-JDK, 2022 WL 1424973, at *18 (E.D. Tex. May 5, 2022) (finding no deliberate indifference for personally examining the inmate only once where the doctor relied on a nurse who performed numerous examinations); *Cannon v. Corizon Med. Servs.*, No. 6:15-cv-02346-KOB-SGC, 2018 WL 7917074, at *11 (N.D. Ala. Oct. 29, 2018) (finding doctor's failure to personally examine the inmate "does not state a claim for relief" because the inmate had no constitutional right to be treated by a specific medical provider and because the doctor advised staff on treatment after being informed of the inmate's

6

injuries), *recommendation adopted by* 2019 WL 422573 (N.D. Ala. Feb. 4, 2019); *Goolsby v. Ridge*, No. 09cv02654 WQH (RBB), 2011 WL 2006303, at *16-17 (S.D. Cal. May 23, 2011) (concluding inmate did not state a claim based on the prison doctor's failure to personally examine him where the inmate was seen by a nurse).

Here, based on Plaintiff's own averments, Malcolm and Zegeye contacted Dr. Moore about his condition, and in response, he ordered that Plaintiff be sent to the emergency room if he displayed certain symptoms. This does not constitute deliberate indifference. Moreover, while Plaintiff's makes a conclusory allegation that Dr. Moore relied on "unqualified information," he does not state any facts demonstrating that Dr. Moore knew that the information the two nurses gave to him was "unqualified." Finally, Dr. Moore did not disregard the risk to Plaintiff but specifically advised that he be sent to the emergency room if his symptoms warranted it. Therefore, Plaintiff's motion to amend his complaint to add Dr. Moore is denied.

B.  <u>Previously Dismissed Claims</u>

As noted above, it is not clear if Plaintiff intends to reassert previously dismissed claims against the current Defendants. To the extent he does, however, his motion to amend is denied. Plaintiff raised claims of interference with grievance procedures and conspiracy to deprive him of grievance procedures in his original complaint. The Court dismissed these claims because inmates have no constitutionally-protected interest in a prison grievance procedure, he could not show his ability to pursue his claims in court was thwarted, and he failed to allege facts showing Defendants reached an understanding to

violate his rights. Order & R. 14-16, Feb. 16, 2021; Order 10-11, May 26, 2021 (adopting recommendation). The Court's reasoning applies equally to his proposed amended complaint, so his motion to amend to reassert these claims is denied.

Plaintiff also asserted a claim of retaliatory transfer in his original complaint, and he reasserts it in his proposed amended complaint. Pl.'s Mot. to Amend 39. This claim was previously dismissed because Plaintiff failed to identify the prison official responsible for his transfer. Order 13-14, May 26, 2021. Plaintiff's proposed amended complaint suffers the same deficiency, and, therefore, his motion to amend to reassert this claims is also denied.

Finally, Plaintiff reasserts his equal protection claim. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946–47 (11th Cir. 2001) and *Damiano v. Fla. Parole and Prob. Comm'n*, 785 F.2d 929, 932–33 (11th Cir. 1986)). "Protected classes typically involve immutable characteristics determined by the accident of birth, such as race, national origin, and sex." *Martinez v. Warden*, 848 F. App'x 864, 867 (11th Cir. 2021) (per curiam). Further, a plaintiff may also state a "'class of one claim' if he alleges that he has been intentionally treated differently from other people who are similarly situated to him and that no rational basis supports the difference in treatment."

8

*Jordan v. Sec'y, Fla. Dep't of Children and Family Servs.*, 723 F. App'x 690, 693 (11th Cir. 2018) (per curiam) (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1200-02 (11th Cir. 2007). Plaintiffs must satisfy the similarly situated requirement whether or not their claim is based on a suspect classification. *Martinez*, 848 F. App'x at 867–68 (quoting *Young Apartments, Inc. v. Town of Jupiter*, 529 F.3d 1027, 1045 (11th Cir. 2008)). "Under this requirement, a prisoner must demonstrate that he is similarly situated to other prisoners who received more favorable treatment. To be considered similarly situated, comparators must be *prima facie* identical in all relevant respects." *Id.* at 868 (quoting *Grider v. City of Auburn*, 618 F.3d 1240, 1264 (11th Cir. 2010)) (citation omitted).

Plaintiff's equal protection claim was previously dismissed because he failed to identify a specific inmate who received different medical treatment. Order & R. 14, Feb. 16, 2021 (citing *Williams v. Sec'y for Dep't of Corr.*, 131 F. App'x 682, 687 (11th Cir. 2005) (per curiam) (affirming dismissal of equal protection claims where plaintiff "failed to allege facts showing that any other specific inmate" had been treated differently than plaintiff)); Order 14-15, May 26, 2021 (adopting recommendation). The Court interpreted his original complaint as alleging disparate treatment from other inmates at RCF. Order 14-15, ECF No. 37. Plaintiff's amended complaint additionally alleges he is receiving different treatment from inmates in non-private GDC-operated facilities. Pl.'s Mot. to Amend 10. Under either approach, Plaintiff still fails to state a claim.

First, Plaintiff still fails to identify a specific inmate—at a GDC facility or at RCF—who was treated differently. Second, his reliance on perceived disparate treatment

9

between prisoners held at private prisons and GDC-operated facilities is insufficient to meet the similarly-situated element. *See Espinoza v. Lindsay*, No. 11–89J, 2012 WL 566755, at *4-5 (W.D. Pa. Jan. 31, 2012) (finding inmate housed at GEO facility pursuant to a contract with the Federal Bureau of Prisons ("BOP") was not similarly situated as inmates at BOP-run facilities), *recommendation adopted by* 2012 WL 566791 (W.D. Pa. Feb. 17, 2012); *Brooks v. Andrews*, No. 1:03-cv-06106-LJO-SMS PC, 2007 WL 111679, at *5 (E.D. Cal. Jan. 10, 2007) (finding federal prisoner housed at GEO facility was not similarly situated to inmates housed in federal prisons), *recommendation adopted by* 2007 WL 703837 (E.D. Cal. Mar. 5, 2007); *see also Nance v. Blanco*, No. 2:07cv199-MHT, 2007 WL 1063520, at *3 (M.D. Ala. Apr. 4, 2007) ("[M]ere differential treatment of inmates, without more, fails to allege a violation of the Equal Protection Clause." (citing *E & T Realty Company v. Strickland*, 830 F.2d 1107 (11th Cir.1987))). Third, Plaintiff fails to allege Defendants intentionally discriminated against him based on his membership in a protected class. For these reasons, his motion to amend his complaint to reassert his equal protection claim is denied.

    C.    <u>Pending claims against current Defendants</u>

Plaintiff's proposed amended complaint also reasserts his pending deliberate indifference claims against the current Defendants. To the extent he wishes to file the proposed amended complaint to supplement his factual allegations on these claims, his motion to amend is granted. Therefore, the proposed amended complaint (ECF No. 153) shall now be deemed the operative complaint. *See Malowney v. Fed. Collection Deposit*

*Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint."). Defendants **SHALL HAVE FOURTEEN (14) DAYS** to file an answer to the Amended Complaint. Fed. R. Civ. P. 15(a)(3).

    SO ORDERED, this 25th day of July, 2022.

                                /s/ Stephen Hyles
                                UNITED STATES MAGISTRATE JUDGE