# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **MICHAEL R. MOSIER,** *Plaintiff*, v. **PAMALA MALCOLM,** *et al.*, *Defendants*. | **CIVIL ACTION NO. 5:20-cv-00308-TES-MSH** |

## ORDER OVERRULING PLAINTIFF'S RULE 72-BASED OBJECTION

Pursuant to Federal Rule of Civil Procedure 72, Plaintiff Michael R. Mosier has filed yet another Objection [Doc. 215] to a non-dipositive ruling by the United States Magistrate Judge. In addition to denying Plaintiff's repeated requests for a hearing, this ruling was in regards to Plaintiff's efforts to have the Court compel certain discovery from non-party Georgia Department of Corrections. [Doc. 185]; [Doc. 206]; [Doc. 208]. Plaintiff also disagrees with the magistrate judge's prepayment requirement relating to litigation expenses. [Doc. 215, pp. 8–11].

### A.     Legal Standard

Federal Rule of Civil Procedure Rule 72(a) permits a party to object to a magistrate judge's order resolving a "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). Where a party objects, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is

clearly erroneous or is contrary to law." *Id.*

"Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* (citations omitted); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). "A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ellis v. United States*, No. 3:15-cv-1078-J-34JBT, 2016 WL 1658706, at *1 (M.D. Fla. Apr. 27, 2016) (quoting *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

### B.    Plaintiff's Objection

Upon review of the record, the Court easily finds that the magistrate judge's rulings from December 2, 2022, are not clearly erroneous. [Doc. 208]. To begin, a party's disagreement with a ruling does not automatically constitute clear error and invite opportunity after opportunity to ring Rule 72's bell. *Cf. Jones v. Ga. Dep't of Corrs.*, No. 5:22-cv-00254-TES-CHW, 2023 WL 20123, at *2 (M.D. Ga. Jan. 3, 2023) (citing cases) (discussing review in context of motion for reconsideration). Plaintiff frequently uses

2

Rule 72 to have the district judge review the magistrate judge's non-dispositive rulings in this case. *See, e.g.*, [Doc. 143]; [Doc. 171]. These motions, however, only underscore the magistrate judge's familiarity with this case and its numerous discovery issues, and the Court has yet to be "left with the definite and firm conviction" that the magistrate judge made a mistake. *Weeks*, 126 F.3d at 943. Even a swift glance at the record readily shows that the magistrate judge has carefully adjudicated and decided—in his discretion—the best possible route to resolve the non-dispositive issues before him. *See, e.g.*, [Doc. 210] *in connection with* [Doc. 215, p. 7]. That said, given his familiarity with the issues in this case, the magistrate judge was well within his discretion under the Court's local rules as well as the Federal Rules of Civil Procedure to deny a request for a hearing. *See* LR 7.5, MDGa; Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, *without* oral hearings.") (emphasis added).

Second, the concerns Plaintiff raises with respect to his alleged inability to adequately access the courts, the grievance filed for that precise concern, and the prepayment of a transcript fee all miss the mark. [Doc. 215, pp. 2–11]. Rule 72 is not a mechanism through which litigants can raise new claims and assert additional issues before a court. Its only purpose is to seek review from a district judge on certain pretrial matters decided by magistrate judges. Fed. R. Civ. P. 72(a). Thus, Plaintiff's disclosures about a grievance he's filed that may somehow raise new constitutional claims but do

3

not directly pertain to the underlying facts and specific medical-treatment claims asserted in this case have no bearing on the Court's review pursuant to Rule 72. [Doc. 215, p. 2].

Further, with respect to Plaintiff's arguments regarding his status as a litigant proceeding *in forma pauperis*, 28 U.S.C. § 1915 only deals with "the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor[.]" The statute says nothing about providing for or waving the costs associated with litigation *after* a lawsuit is allowed to proceed without prepayment of fees and costs. Being granted leave to proceed *in forma pauperis* does not, as Plaintiff would hope, usher in an "All-Expense Paid" trip to a judgment. Section 1915 "does not serve to cover all litigation costs and expenses for indigent plaintiffs." *Santana v. 777 Brickwell Partners, LLC*, No. 11-20237-CV-WILLIAMS/TURNOFF, 2011 WL 13319479, at *2 (S.D. Fla. Sept. 27, 2011).

Plaintiff's contentions that the magistrate judge's transcript fee requirement is "invidious[ly] discriminat[ory]" and somehow violates his Fifth and Fourteenth Amendment rights to due process and equal protection are not claims before the Court in this case. [Doc. 215, p. 8]. Thus, the Court will not permit Plaintiff to further muddle this record and press concerns not properly raised in his operative pleading. In any event, the law on this issue has long-been decided. Put simply, Plaintiff—notwithstanding his indigent status—is not entitled to have the costs of discovery, costs

4

for witnesses, or costs for transcripts covered by the government. *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993)) ("There is no provision in [§ 1915] for the payment by the government of the costs of . . . litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")); *Badman v. Stark*, 139 F.R.D. 601, 604 (M.D. Penn. 1991)) (noting that there is no statute which authorizes or requires the government to undertake the expenses of witness fees and costs for indigent plaintiffs).

C. **Conclusion**

Upon review of the record and for the reasons stated above, the Court **OVERRULES** Plaintiff's Rule 72-based Objection [Doc. 215].

**SO ORDERED**, this 1st day of February, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**